[Crim. No. 11947. Fourth Dist., Div. One. Apr. 23, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
AURELIANO PAZ, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Paul Bell, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Richard D. Garske and J. Richard Haden, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—Aureliano Paz pleaded guilty to burglary (Pen. Code, § 459) and received probation. He appeals, contending his

motion to suppress evidence (Pen. Code, § 1538.5) was erroneously denied.

On August 24, 1979, a television store and an antique store were burglarized. An antique desk set and part of a set of commemorative spoons were among the items taken. Deputy Sheriff Papp was called to investigate the burglaries and noticed distinctive footprints at both stores. He then received a radio call there was a fight in the parking lot of a 7-Eleven store a short distance away. Arriving at the parking lot, he saw two cars blocking the driveway. Three people were sitting in one car and four were standing outside it. The seven appeared to be arguing. As Papp approached, they stopped arguing and began walking away. He ordered them to stop and asked them why they were fighting. He sensed his presence only interrupted the fight, and he thought the seven would resume fighting when he left. He was familiar with three of the seven people and knew they had been arrested before. While talking to them one of them went to the other car and slipped something inside between the door and front seat. Fearing the item might be a weapon, Papp took possession of it, only to learn it was a pair of stainless steel forceps, commonly used to hold marijuana cigarettes. On returning to the first car, Papp saw, from the outside, the commemorative spoons taken from the antique store. They were protruding from a watch cap on top of the glove compartment. In the back seat he saw the antique desk set taken from the same store. He then checked the soles of the shoes of all seven people and noticed Paz' soles matched the prints left at the stores. Paz was arrested. About five minutes had elapsed between the time Papp arrived at the parking lot and the time he saw the loot in the car.

Paz does not contest the legality of the initial detention but claims it was unduly prolonged and the items discovered after the detention became illegal should have been suppressed. ■ A detention becomes illegal when it extends beyond the time reasonably necessary under the circumstances for the police to wind up their investigation. (See *People v. McGaughran* (1979) 25 Cal.3d 577, 586-587 [159 Cal.Rptr. 191, 601 P.2d 207].) ■ Here the discovery was made in the course of a five-minute detention. Papp was investigating the cause of the fight, feared it would continue when he left and was attempting to diffuse the situation when he was interrupted by the secreting of the forceps. Nothing in the record suggests he had completed his investigation of the fight. Under the circumstances, the detention was still proper at the

moment Papp "plain-sighted" the spoons from a place he had a right to be. The motion to suppress was properly denied.

Paz also objects to the sentencing court's statement it was "going to keep personal jurisdiction" over him during his probation. This statement appears in the reporter's transcript and in the court's minutes, although not in the formal probation order. In *People* v. *Osslo* (1958) 50 Cal.2d 75 [323 P.2d 397], the California Supreme Court forbad such retention of personal jurisdiction and provided references to such retention shall be stricken from the record. The court's statement here is thus a nullity and not a proper part of the judgment.

Judgment affirmed.

Work, J., and Langford, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.